UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| Plaintiff, § | |
| § | |
| v.            § | CIVIL ACTION NO. |
| § | |
| $13,626.00 IN U.S. CURRENCY AND § | |
| €29,480 IN EUROS, § | |
| Defendants in rem. § | |

## VERIFIED COMPLAINT FOR FORFEITURE IN REM

United States of America, Plaintiff, files this action for forfeiture against approximately $13,626.00 in U.S. currency and approximately €29,480 in euros, Defendants in rem, and alleges as follows in accordance with Rule G(2) of the Supplemental Rules For Admiralty or Maritime Claims and Asset Forfeiture Actions:

*Nature of the Action*

1. This is an action to forfeit property to the United States pursuant to 31 U.S.C. §5317(c)(2).

*Defendants in Rem*

2. Defendants in rem are approximately $13,626.00 in U.S. currency and approximately €29,480 in euros that were seized at the George Bush Intercontinental Airport in Houston, Texas, from Shih Wen Lee, also known as

Richard Lee, Hua Lee Lin and Chen Shen Kuo on October 7, 2008.

*Jurisdiction and Venue*

3. This Court has jurisdiction pursuant to 28 U.S.C. §1355 because this is an action for forfeiture under 31 U.S.C. §5317(c)(2).

4. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1355 and 1395(a) and (b) because the acts or omissions giving rise to the forfeiture occurred in the Southern District of Texas, the property was found and is located in the Southern District of Texas, and this forfeiture action accrued in the Southern District of Texas.

*Basis for Forfeiture*

5. The Defendants in rem are subject to forfeiture pursuant to 31 U.S.C. § 5317(c)(2) which provides that any property involved in a violation of 31 U.S.C. § 5316 may be forfeited to the United States. Under 31 U.S.C. § 5316(a)(1)(B), a person shall file a report when they knowingly transport a monetary instrument of more than $10,000 into the United States. Under 31 U.S.C. §5312(a)(3)(A) and (B), United States currency and foreign currency are monetary instruments.

*Facts*

6. On October 7, 2008, Shih Wen Lee, also known as Richard Lee, Hua Lee Lin and Chen Shen Kuo arrived at the George Bush Intercontinental Airport in

Houston, Texas, aboard Continental flight 885 from Bogota, Colombia. Each traveler completed a U.S. Customs and Border Protection declaration form. On this form they each stated that he was not carry more than $10,000 in U.S. or foreign currency.

7. Mr. Lee also told a U.S. Customs and Border Protection Officer (CBP Officer) that he was carrying only $4,000.00. CBP Officers, however, conducted an inspection of Mr. Lee and found that he was carrying approximately $7,026.00 in U.S. currency and approximately €12,480 in euros. The €12,480 in euros was equal to approximately $16,974.80 in U.S. currency.

8. Mr. Lin told a CBP Officer that he was carrying only $200.00. CBP Officers conducted an inspection of Mr. Lin and found that he was carrying approximately $3,600.00 in U.S. currency and approximately €5,000 in euros. The €5,000 in euros was equal to approximately $6,800.80 in U.S. currency.

9. Mr. Kuo told a CBP Officer that he was carrying only $5,000.00. CBP Officers conducted an inspection of Mr. Kuo and found that he was carrying approximately $3,000.00 in U.S. currency and approximately €12,000 in euros. The €12,000 in euros was equal to approximately $16,321.92 in U.S. currency.

10. Mr. Lee told the CBP Officers that he was the owner of all of the currency including the currency that was being carried by Mr. Lin and Mr. Kuo.

11. In an interview with Immigration and Custom Enforcement Senior Special Agents, Mr. Lee stated that he had Mr. Lin and Mr. Kuo carry some of his money and that all of them declared less currency than they were actually carrying to avoid delays in their travel. Mr. Lee also stated that he knew this was a violation of the law and was a mistake.

12. The U.S. currency and euros seized belonging to Mr. Lee was valued at approximately $53,723.52 in U.S. currency.

*Relief Requested*

13. Plaintiff requests:

    a. Arrest Warrants and summons, citing all persons having an interest in the Defendants property to appear on the return day of process by filing a claim and answer pursuant to Rule G(5), Supplemental Rules for Certain Admiralty and Maritime Claims, or as ordered by this Court,

    b. A judgment of forfeiture, and

    c. Costs and other relief to which the Plaintiff may be entitled.

                                                Respectfully submitted,

                                                Tim Johnson
                                                United States Attorney

                                                By: /s/ Albert Ratliff

Albert Ratliff
Attorney-in-Charge
NY Bar No. 1073907
SDTX Bar No. 6764
Assistant United States Attorney
United States Attorney's Office
P. O. Box 61129
Houston, Texas 77208
Office (713) 567-9579
Fax (713) 718-3300

## VERIFICATION

I, David T. Goldman, Senior Special Agent, United States Immigration and Customs Enforcement, declare under penalty of perjury as provided by 28 U.S.C. §1746 that I have read this Verified Complaint for Forfeiture in Rem, and the facts stated in this complaint are true and correct to the best of my knowledge and belief. Executed on December 3, 2008.

_____
David T. Goldman, Senior Special Agent
U. S. Immigration and Customs Enforcement