UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| Plaintiff | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:08-cv-03581 |
| | § | |
| $13,626.00 IN U.S. CURRENCY AND | § | |
| 29,480 IN EUROS, | § | |
| Defendants | § | |

JOINT DISCOVERY/CASE MANAGEMENT PLAN
UNDER RULE 26(f)
FEDERAL RULES OF CIVIL PROCEDURE

1.    State where and when the meeting of the parties required by Rule 26(f) was
held, and identify the counsel who attended for each party.

Rule 26(f) conference was held by telephone on May 11, 2009  with Assistant
U.S. Attorney Albert Ratliff for Plaintiff and Robert W. Snyder for Claimant
Richard Lee.

2.    List the cases related to this one that are pending in any state or federal court
with the case number and court.

None.

3.    Briefly describe what this case is about.

When the Claimant arrived into the United States at the George Bush airport
from Bogota, Columbia, he failed to declare to Customs officials that he was
bring into the United States more than $10,000 in United States or foreign
currency.  This is a forfeiture case in which the United State is seeking
forfeiture of the $13,626.00 and 29,480 in euros that the Claimant was
attempting to bring into the U.S. after he failed to declare this currency as
required by 31 U.S.C. § 5316.

4.    Specify the allegation of federal jurisdiction.

      This Court has jurisdiction pursuant to 28 U.S.C. §1355 because this is an action for forfeiture under 31 U.S.C. §5317©)(2) and 31 U.S.C. §5332©). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1355 and 1395(a) and (b) because the acts or omissions giving rise to the forfeiture occurred in the Southern District of Texas, the property was found and is located in the Southern District of Texas, and this forfeiture action accrued in the Southern District of Texas.

5.    Name the parties who disagree and the reasons.

      Defendant Richard Lee states that he inaccurately declared currency he was bringing into the U.S on his Customs declaration.

6.    List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

      None by the Plaintiff.

7.    List anticipated interventions.

      None by the Plaintiff.

8.    Describe class-action issues.

      None by the Plaintiff.

9.    State whether each party represents that it has made the initial disclosures required by Rule 26(a).  If not, describe the arrangements that have been made to complete the disclosures.

      Because this action is a forfeiture action in rem arising from a federal statue, it is exempt from the initial disclosures required by Rule 26(a) under Fed. R. Civ. P. 26(a)(1)(B)(ii).  The parties, however, have agreed to make Rule 26(a) disclosures by June 30, 2009.

10.   Describe the proposed agreed discovery plan, including:

A.     Responses to all the matters raised in Rule 26(f).

       Due by June 30.

B.     When and to whom the plaintiff anticipates it may send interrogatories.

       Claimant Richard Lee by June 30.

C.     When and to whom the Claimant anticipates it may send interrogatories.

       The U.S Customs agent/officer who filed the report and made the determination of the violation by June 30.

D.     Of whom and by when the Plaintiff anticipates taking oral depositions.

       Claimant Richard Lee, Hua Lee Lin and Chen Shen Kuo by August 30.

E.     Of whom and by when the Claimant anticipates taking oral depositions.

       Defendant Customs officer/agent at the Port of Entry by August 30.

F.     When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

       Designation of experts by August 30 and report by November 1.

G.     List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

       None at this time.

H.     List expert depositions the opposing party anticipates taking and their anticipated completion date.  See Rule 26(a)(2)(B) (expert report).

11.   If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

12. Specify the discovery beyond initial disclosures that has been undertaken to date.

    None

13. State the date the planned discovery can reasonably be completed.

    November 1, 2009.

14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

    Parties have had limited settlement discussion and are not able to state if this matter can be resolved at this time.

15. Describe what each party has done or agreed to do to bring about a prompt resolution.

    Parties have engaged in initial settlement discussion.

16. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.

    None by the Plaintiff.

17. Magistrate judges may now hear jury and non-jury trials.  Indicate the parties' joint position on a trial before a magistrate judge.

    Plaintiff prefer for this matter to be handle by the district judge.
    Defendant have no objection to trial before the magistrate judge.

18. State whether a jury demand has been made and if it was made on time.

    There was no demand for a jury.

19. Specify the number of hours it will take to present the evidence in this case.

    Plaintiff case will take about six hours.

Defendant's case will take about four hours.

20.  List pending motions that could be ruled on at the initial pretrial and scheduling conference.

     None.

21.  List other motions pending.

     None.

22.  Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

     None.

23.  List the names, bar numbers, addresses and telephone numbers of all counsel.


Albert Ratliff                                Robert W Snyder
Attorney-in-Charge                            Law Office of Robert W. Snyder
NY Bar No. 1073907                            State of California Bar No.: 75064
SDTX Bar No. 6764                             15375 Barranca Parkway Suite #B-105
Assistant United States Attorney              Irvine , CA 92618
United States Attorney's Office               929-453-8688
P. O. Box 61129                               Email: rsnyder@rwsnyderlaw.com
Houston, Texas  77208
Office: (713) 567-9579
Fax: (713) 718-3300
Email: albert.ratliff@usdoj.gov


/s/Albert T. Ratliff
Albert T. Ratliff                             May 12, 2009
Counsel for Plaintiff                         Date


    /s/
Robert W. Snyder                              May   11  , 2009
Counsel for Claimant                          Date